GEORGE F. HAND, ESQ.
Nevada State Bar No. 8483
ghand@handsullivan.com
**HAND & SULLIVAN, LLC**
3442 North Buffalo Drive
Las Vegas, Nevada 89129
Telephone: (702) 656-5814
Facsimile: (702) 656-9820

Attorney for Plaintiff
CATHERINE A. BERRY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE A. BERRY, | CASE NO.: 2021-_____-____ |
| Plaintiff, | |
| vs. | **COMPLAINT: PETITION FOR ENTRY OF JUDGMENT IN ACCORDANCE WITH DECLARATION OF DEFAULT PURSUANT TO 33 U.S.C. § 918(a)** |
| AIR FORCE CENTRAL WELFARE FUND; AIR FORCE INSURANCE FUND, | |
| Defendants. | |

Plaintiff, by and through her attorneys, complains and alleges as follows:

## I.    NATURE OF CLAIM

1.    This matter arises under § 18(a) of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 918(a), through its extension by the Nonappropriated Fund Instrumentalities Act, 5 U.S.C. § 8171-73 ("NAFI Act"), as hereinafter more fully appears.

## II.    PARTIES

2.    Plaintiff Catherine A. Berry is a citizen of the United States of America and a resident of the State of Washington.

3.    Defendants are the Plaintiff's employer at the time of her June 14, 2013, on-the-job injury, a non-appropriated-fund instrumentality of the United States, at Nellis Air Force Base, Nevada, and its insurance carrier under the NAFI Act.

## III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to § 18(a) of the Longshore Act, 33 U.S.C. § 918(a), and 28 U.S.C. §1331.

5.      Venue is proper in the United States District Court for the District of Nevada pursuant to Longshore Act § 18(a), *supra*, because Plaintiff's injury in the course of her employment occurred within this District.

## IV.    SUBSTANTIVE FACTS

6.      Plaintiff Catherine A. Berry was the recipient of an award of periodic disability compensation in a "Compensation Order" filed on September 24, 2015, in the Office of the District Director for District 15, Division of Longshore and Harbor Workers' Compensation, Office of Workers' Compensation Programs, United States Department of Labor (the statutory "deputy commissioner," *see* 20 C.F.R. §§ 701.301(a)(7), 702.105), pursuant to § 19(e) of the Longshore Act, 33 U.S.C. § 919(e), and implementing regulations.

7.      Attached as Exhibit 1 is a true and certified copy of a Supplementary Order filed by the District Director for District 15, and served on Defendants in accordance with law, on February 26, 2021. Such Supplementary Order declares a default by Defendants in paying what fell due pursuant to the earlier Compensation Order, and was properly made and served in accordance with § 18(a) of the Longshore Act, 33 U.S.C. § 918(a).  *See, e.g., Providence Washington Insurance Co. v. Director, OWCP*, 765 F.2d 1381 (9th Cir. 1985).  Accordingly, it was "final" when issued, and not subject to administrative review procedures applicable to adjudications of disputes on claims under the Act other than determinations of defaults under existing awards (at least where the amount declared in default has not been promptly paid, *cf. Sea-Land Service, Inc. v. Barry*, 41 F.3d 903, 906-07 (3d Cir. 1994)). *Providence Washington*, and authorities cited therein.

8.      Attached as Exhibit 2 is a true and certified copy of a Supplementary Order filed by the District Director for District 15, and served on Defendants in accordance with law, on July 19, 2021. This second Supplementary Order updated the amount declared in default based on Defendants' continuing non-payment and the continuing accrual of defaulted installments due since the February 26, 2021 order. It was properly made and served in accordance with § 18(a) of the Longshore Act, 33 U.S.C. § 918(a).

///

///

## V.    **APPLICATION OF LAW**

9.    Plaintiff repeats and realleges the allegations contained in the above paragraphs as though fully set forth herein.

10.    Defendants have not paid the amount declared in default.

11.    The injury for which the compensation payable under the Compensation Order is payable occurred within the geographical territory of this district. This Court has jurisdiction, and appropriate venue, to enter judgment summarily for the amount declared in default by the District Director's Supplementary Order, upon the filing of the attached certified copies, under § 18(a) of the Longshore Act, 33 U.S.C. § 918(a).

12.    By express provision of the statute, "[n]o fee shall be required for filing the supplementary order nor for entry of judgment thereon." Longshore Act § 18(a). Further, the general provisions of the Federal Rules of Civil Procedure are inapplicable to this proceeding for entry of judgment on the supplementary order, insofar as inconsistent with the intended summary enforcement procedure, and hence service of process is not required. *See generally Abbott v. Louisiana Insurance Guarantee Ass'n*, 889 F.2d 626 (5th Cir. 1989), *cert. denied*, 494 U.S. 1082 (1990); *Jourdan v. Equitable Equipment Co.*, 889 F.2d 637 (5th Cir. 1989); *Schmit v. ITT Federal Electric Int'l*, 986 F.2d 1103 (7th Cir. 1993), *aff'g* 780 F.Supp. 1213 (N.D. Ill. 1991). *Cf. Edwards v. Director, OWCP*, 932 F.2d 1325 (9th Cir. 1991); *Providence Washington, supra.*

13.    In addition, upon the entry of the judgment sought hereby, Plaintiff's attorneys are entitled to the award of a reasonable fee for their services in the successful prosecution of the instant enforcement proceedings, to be paid by Defendants in addition to the amount of the judgment on the Supplementary Order, pursuant to Longshore Act § 28, 33 U.S.C. § 928. *E.g., Tahara v. Matson Terminals, Inc.*, 511 F.3d 950 (9th Cir. 2007).

14.    Since the entry of the supplementary compensation orders declaring the amount of Defendants' default on February 26, 2021, and July 19, 2021, Defendants have continued to default on their continuing obligations under the 2015 award, and hence to increase the amount in default. As the statute contemplates, Plaintiff will apply for a further such order from the District Director, updating the amount in default, and will present a certified copy of such order, upon which the Court in

1   accordance with the statutory provision "shall modify [its] judgment to conform" to the updated

2   declaration.

3                           **VI.    PRAYER FOR RELIEF**

4           WHEREFORE, Plaintiff demands entry of judgment against Defendants (a) summarily on the

5   Supplementary Order, for $88,105.01, together with interest thereon from the date of the

6   Supplementary Order until paid; and (b) for a reasonable fee for Plaintiff's attorneys' services in the

7   present enforcement proceedings, in an amount to be determined by the Court pursuant to application,

8   on notice to Defendants, following entry of judgment on the Supplementary Order.

9

10          Dated:  October 27, 2021                    HAND & SULLIVAN, LLC

11

12                                            By:  _____
                                                   George F. Hand, Esq.
13                                                 Nevada State Bar No. 8483
                                                   3442 North Buffalo Drive
14                                                 Las Vegas, Nevada 89129
                                                   Attorneys for Plaintiff
15                                                 CATHERINE A. BERRY

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              4

Exhibit 1

**U. S. Department of Labor**     **Office of Workers' Compensation Programs**
**Division of Federal Employees', Longshore**
**and Harbor Workers' Compensation**
**400 West Bay Street, Suite 63A, Box 28**
**Jacksonville, FL 32202**



Catherine A Berry

        Injured Worker

                                                                       **CERTIFIED COPY**

        v.

Air Force Central Welfare Fund

        Employer

                                        OWCP Case: LS-13107713

                        OWCP Office: San Francisco Suboffice of the Western District

    and

Air Force Insurance Fund

        Insurance Carrier

                                            Act: NAFIA

**<u>CERTIFIED COPY</u>**

I, Marco A. Adame II, District Director Western Compensation District, certify that the attached **Supplemental Compensation ORDER DECLARATION OF DEFAULT (33 USC 918 et seq.)** is a true and correct copy that was served on February 26, 2021 on the parties listed on the Certificate Of Filing and Service.

Given under my hand and filed at
San Francisco Suboffice of the Western District
09/24/2021

Marco A. Adame II
District Director
Western Compensation District

## CERTIFICATE OF FILING AND SERVICE

I certify that on 09/24/2021, the foregoing Certified Copy was filed in the Office of the District Director.


Served by Certified Mail

Catherine Berry
801 Lilly Road NE, Apt. 224
Olympia, WA 98506

Eric A Dupree
1715 Strand Way Suite 203
Coronado, CA 92118

Amie C Peters
144 Railroad Ave., Suite 308 P.O. Box 83
Edmonds, WA 98020

Marco A. Adame II
District Director
Western Compensation District

**U. S. Department of Labor**    **Office of Workers' Compensation Programs**
**Division of Federal Employees', Longshore**
**and Harbor Workers' Compensation**
**400 West Bay Street, Suite 63A, Box 28**
**Jacksonville, FL 32202**



Catherine A Berry

       Injured Worker

               SUPPLEMENTAL COMPENSATION ORDER
            DECLARATION OF DEFAULT (33 USC 918 et seq.)

       v.

Air Force Central Welfare Fund

       Employer

                     OWCP Case: LS-13107713
         OWCP Office: San Francisco Suboffice of the Western District

    and

Air Force Insurance Fund

       Insurance Carrier

                           Act: NAFIA

On September 8, 2015, the Honorable Judge Jennifer Gee issued a Compensation Order granting claimant Catherine Berry compensation for Temporary Total Disability at the compensation rate of $709.87 per week.

On July 23, 2020, the claimant requested a declaration of default pursuant to LHWCA § 18(a), 33 U.S.C. § 918(a), asserting that employer defaulted on its obligations under the September 2015 Order.

The employer and carrier were notified of this request and requested to show cause why the employer and carrier failed to timely pay the amount due as ordered. The Carrier filed a motion in opposition to Claimant's petition and/or motion for section 22 modification claiming the Claimant had reached maximum medical improvement and had identified suitable alternative employment.

The District Director has made such further investigation considered necessary and now makes the following determinations and declaration:

### <u>FINDINGS</u>

1. Judge Gee's September 15, 2015 Compensation Order found that the Claimant's average weekly wage was $1,064.80 and that the Claimant was entitled to temporary total disability at a compensation rate $709.87.

2. Pursuant to said order, the Claimant was found to be temporarily and totally disabled from July 14, 2015 and continuing.

3. The employer and carrier ceased compensation 03/13/2019 after identifying suitable employment within Claimant's geographical area. They did not request modification of the Judge's order.

4. Payments falling due after July 24, 2019, are within one year prior to Claimant's application for award of default.

5. The total amount due in temporary total disability due as of 02/22/2021 is $58,817.80

6. The employer and carrier/self-insured have not shown cause why it failed to timely pay the amount due under the Order referenced above and as to why the requested declaration of default and assessment of the additional twenty percent plus interest should not be made. They have been made aware of the requirement to modify the ongoing order under Section 22 and to date have not moved to do so.

Upon the foregoing findings of fact, the District Director makes the following:

## **DECLARATION OF DEFAULT**

Under the facts and circumstances herein, the District Director herewith declares the employer and carrier/self-insured to be in default of payment of the compensation award to the claimant.

From July 24, 2019 through February 22, 2021, the employer is in default of their payment obligations under the order referenced above.

The amount of $58,817.50 is outstanding and in default. Pursuant to §14(f), the claimant is due an additional 20%, which is $11,763.50. Therefore, a total of $70,581.00 is due for the amount in default as of the date of this order.

Given under my hand and filed at
San Francisco Suboffice of the Western District
02/26/2021

Todd Bruininks
District Director

OWCP Case: LS-13107713

## CERTIFICATE OF FILING AND SERVICE

I certify that on 02/26/2021, the foregoing Compensation Order was filed in the Office of the District Director, and a copy was served on the parties and their representatives by the methods indicated below. I have used the last known address of each individual served by certified mail, and I have used the most recent email address(es) supplied by each individual who has validly waived certified mail service and elected electronic service.

Served by E-mail

Air Force Insurance Fund
denise.rodriguez.6@us.af.mil
gregory.cox.2@us.af.mil

Served by Certified Mail

Air Force Central Welfare Fund
99 FSS/FSMH 4475 England Avenue Suite 120
Nellis AFB, NV 89191

Gregory D Cox, Attorney
HQ AFSVA/SVXHW 2261 HUghes Ave, #156
Lackland AFB, TX 78236

Catherine Berry
8643 28th Way SE
Lacey, WA 98513

Eric A Dupree
1715 Strand Way Suite 203
Coronado, CA 92118

Todd Bruininks
District Director

**If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid**

**compensation an amount equal to 20 percent thereof. The additional amount shall be paid at the same time as, but in addition to, such compensation.**

**The date compensation is due is the date the District Director files the decision or order in his/her office.**

**The Self-Insured Employer/Insurance Carrier is required to submit Form LS-208 reflecting payment in accordance with the attached Compensation Order within sixteen (16) days of the payment.  Failure to do so shall result in a $297.00 penalty, per Section 14(g) of the Longshore and Harbor Workers Compensation Act.**

You can electronically submit documents into the OWCP case through the Secure Electronic Access Portal (SEAPortal).  You can access SEAPortal at: https://seaportal.dol-esa.gov.  When you access the website, you will be asked to provide the OWCP number along with the injured worker's last name, date of birth and date of injury.  The SEAPortal will then provide a Tracking Number, so you can verify when OWCP received your document. Documents will be visible in the OWCP file within 4 hours of upload.  Please contact your servicing office for assistance if you are having difficulty uploading a document.  Alternatively, you can mail documents to the address at the top of page 1.  Please DO NOT submit documents by SEAPortal and mail.  Only one copy is necessary.

For additional information please visit our website at http://www.dol.gov/owcp/dlhwc/.

## RIGHT TO FURTHER REVIEW

The Longshore and Harbor Workers' Compensation Act (LHWCA) and its extensions affords any dissatisfied party the right to request review of an order or award by requesting either RECONSIDERATION or an APPEAL by the Benefits Review Board (BRB). If neither action is taken in a timely manner as described below, the Order or Award will become final.

If an order awards compensation benefits, the filing of an appeal or reconsideration does not relieve that party of the obligation of paying compensation as directed in the order unless an order staying payments has been issued by the BRB.

### Reconsideration

A request for reconsideration must be filed in writing within ten (10) days of the award, and must contain supporting statements or documentation for proposed changes. The reconsideration request, all additional documentation, and the claim file will be carefully reviewed and a revised award will be issued, if appropriate. Reconsideration is optional, but may be the most expeditious means of resolving disagreements.

All parties will be notified of the decision on reconsideration. A timely reconsideration request stays the running of the appeal time on an award. Any party dissatisfied with the decision on reconsideration may request review by appealing to the BRB.

### Appeal to the BRB

A request for review by the BRB must be filed with the BRB within 30 days of the Decision and/or Award or within 30 days of a decision on reconsideration. For the information that must be included in any notice of appeal, please see 20 C.F.R. § 802.208.

**Electronic Filing**: The BRB launched a new system, called eFile/eServe (EFS). This new system (whose use remains voluntary at present) will allow parties to e-file new appeals, briefs, motions, and other documents; receive electronic service (e-service) of BRB-issued decisions and orders; and check the status of existing appeals. EFS will be accessible 24 hours every day at https://efile.dol.gov.

You must register before using EFS to e-file pleadings with the BRB.  Pre-registration is available. To register, first create an account at login.gov. If you already have an account, you do not need to create a second one. Next, create a profile with EFS using your login.gov username and password. Once these two steps are completed, you can learn how to file an appeal to the BRB using the written guide at https://efile.dol.gov/system/files/2020-11/file-new-appeal-brb.pdf and the video tutorial at https://efile.dol.gov/support/boards/new-appeal-brb.

If you e-file your appeal, you do not need to also file paper copies. The BRB will electronically serve (e-serve) a copy of the notice of appeal on the district director who filed the decision or order being appealed and the Associate Solicitor for Black Lung and Longshore Legal Services. You are responsible for serving the notice of appeal and other documents on the other parties to the case. Proof of service of the notice of appeal on the other parties must be included with the notice of appeal. *See* 20 C.F.R. § 802.204.

If you are a respondent to the appeal, you may request access to the BRB docket and pleadings by registering as an EFS user, in the manner described above. Written directions and a video tutorial on how to request access to an appeal are located at https://efile.dol.gov/support/boards/request-access-an-appeal.

Information regarding registering for EFS, as well as user guides, video tutorials, and FAQs can be found at https://efile.dol.gov/support. In addition, webinars on the new system will be announced on the BRB's site at www.dol.gov/agencies/brb and the EFS site at https://efile.dol.gov. If you experience difficulty establishing your account, you can find contact information for login.gov and EFS at https://efile.dol.gov/contact.

**Filing by Mail**:  You may also file your appeal using regular mail by sending it to this address:

> U.S. Department of Labor
> Benefits Review Board
> ATTN: Office of the Clerk of the Appellate Boards (OCAB)
> 200 Constitution Ave. NW
> Washington, DC 20210–0001

If filing your appeal by regular mail, you must serve a copy of the notice of appeal on the district director who filed the decision or order being appealed and on all other parties. Proof of service of the notice of appeal on the district director and other parties must be included with the notice of appeal. *See* 20 C.F.R. § 802.204. You must also send a copy of the appeal to:

> Associate Solicitor
> Black Lung and Longshore Legal Services
> U.S. Department of Labor
> 200 Constitution Ave NW
> Room N-2119
> Washington, DC 20210

A notice of appeal is considered filed the date it is received by the Office of the Clerk of the BRB, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used as the filing date. See 20 C.F.R. § 802.207.

Exhibit 2

**U. S. Department of Labor**   **Office of Workers' Compensation Programs
Division of Federal Employees', Longshore
and Harbor Workers' Compensation
400 West Bay Street, Suite 63A, Box 28
Jacksonville, FL 32202**



Catherine A Berry

        Injured Worker

                                                                               **CERTIFIED COPY**

        v.

Air Force Central Welfare Fund

        Employer

                                    OWCP Case: LS-13107713

                   OWCP Office: San Francisco Suboffice of the Western District

    and

Air Force Insurance Fund

        Insurance Carrier

                                                    Act: NAFIA

<u>CERTIFIED COPY</u>

I, Marco A. Adame II, District Director Western Compensation District, certify that the attached **SUPPLEMENTAL COMPENSATION ORDER DECLARATION OF DEFAULT (33 USC 918 et seq.)** is a true and correct copy that was served on July 19, 2021 on the parties listed on the Certificate of Filing and Service.

Given under my hand and filed at
San Francisco Suboffice of the Western District
09/24/2021

Marco A. Adame II
District Director
Western Compensation District

**<u>CERTIFICATE OF FILING AND SERVICE</u>**

I certify that on 09/24/2021, the foregoing Certified Copy was filed in the Office of the District Director.

<u>Served by Certified Mail</u>

Catherine Berry
801 Lilly Road NE, Apt. 224
Olympia, WA 98506

Eric A Dupree
1715 Strand Way Suite 203
Coronado, CA 92118

Amie C Peters
144 Railroad Ave., Suite 308 P.O. Box 83
Edmonds, WA 98020

Marco A. Adame II
District Director
Western Compensation District

**U. S. Department of Labor**   **Office of Workers' Compensation Programs**
**Division of Federal Employees', Longshore**
**and Harbor Workers' Compensation**
**400 West Bay Street, Suite 63A, Box 28**
**Jacksonville, FL 32202**



Catherine A Berry

        Injured Worker

                    SUPPLEMENTAL COMPENSATION ORDER
              DECLARATION OF DEFAULT (33 USC 918 et seq.)

        v.

Air Force Central Welfare Fund

        Employer

                        OWCP Case: LS-13107713
        OWCP Office: San Francisco Suboffice of the Western District
                              Carrier's File No:

    and

Air Force Insurance Fund

        Insurance Carrier

                                    Act: NAFIA

On September 8, 2015, the Honorable Judge Jennifer Gee issued a Compensation Order granting Claimant Catherine Berry compensation for Temporary Total Disability benefits at the compensation rate of $709.87 per week.

On July 23, 2020, Claimant requested a declaration of default pursuant to LHWCA § 18(a), 33 U.S.C. § 918(a), asserting that Employer/Carrier defaulted on its obligations under the September 2015 Order.

On February 26, 2021, a default order was issued by the District Director finding the Employer/Carrier in default.

On June 24, 2021, On July 23, 2020, Claimant requested a declaration of default pursuant to LHWCA § 18(a), 33 U.S.C. § 918(a), asserting that Employer /Carrier has failed to comply with the default order issued by the District Director and still remains in default of the September 2015 Order.

The employer and carrier/self-insured were notified of this request and were requested to show cause why the employer and carrier/self-insured failed to timely pay the amount due as ordered.

The District Director has made such further investigation considered necessary and now makes the following determinations and declaration:

## **FINDINGS OF FACT**

1. Judge Gee's September 15, 2015 Compensation Order found that the Claimant's average weekly wage was $1,064.80 an that the Claimant was entitled to temporary and total disability at a compensation rate of $708.87.

2. Pursuant to said order, the Claimant was found to be temporarily and totally disabled form July 14, 2015 and continuing.

3. The Employer/Carrier ceased compensation on March 13, 2019 after identifying suitable alternative employment within Claimant's geographical area.

4. There has been no modification of Judge Gee's order.

5. Payments falling after July 23, 2019 are within one year prior to Claimant original application for award of default.

6. A default order was issued declaring the Employer/Carrier in default on June 24, 2021.

7. The Employer/Carrier neither appealed that order to the Benefits Review Board nor sought reconsideration by the District Director as required, instead opting to file an LS-207, Notice of Controversion and seek modification of the Judge Gee's order at the Office of Administrative Law Judges.

8. The total amount due in temporary total disability benefits as of July 16, 2021 is $73,420.84.

9. The employer and carrier/self-insured have not shown cause why it failed to timely pay the amount due under the Order referenced above and as to why the requested declaration of default and assessment of the additional twenty percent plus interest should not be made.

Upon the foregoing findings of fact, the District Director makes the following:

## DECLARATION OF DEFAULT

Under the facts and circumstances herein, the District Director herewith declares the employer and carrier/self-insured to be in default of payment of the compensation award to the claimant.

From July 24, 2019 through July 16, 2021, the employer is in default of their payment obligations under the order referenced above.

The amount of $73,420.84 is outstanding and in default. Pursuant to §14(f), the claimant is due an additional 20% of $14,684.17. Therefore a total of $88,105.01 for the amount in default as of the date of this order.

Interest is also due on the underpayment of compensation.

Given under my hand and filed at
San Francisco Suboffice of the Western District
07/19/2021

Todd Bruininks
District Director

OWCP Case: LS-13107713

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I certify that on 07/19/2021, the foregoing Compensation Order was filed in the Office of the District Director, and a copy was served on the parties and their representatives by the methods indicated below. I have used the last known address of each individual served by certified mail, and I have used the most recent email address(es) supplied by each individual who has validly waived certified mail service and elected electronic service.

<u>Served by E-mail</u>

Air Force Insurance Fund
denise.rodriguez.6@us.af.mil
gregory.cox.2@us.af.mil

Gregory D Cox, Attorney
gregory.cox.2@us.af.mil
denise.rodriguez.6@us.af.mil

<u>Served by Certified Mail</u>

Air Force Central Welfare Fund
99 FSS/FSMH 4475 England Avenue Suite 120
Nellis AFB, NV 89191

Catherine Berry
8643 28th Way SE
Lacey, WA 98513

Eric A Dupree
1715 Strand Way Suite 203
Coronado, CA 92118

Amie C Peters
144 Railroad Ave., Suite 308 P.O. Box 83
Edmonds, WA 98020

Todd Bruininks
District Director

**If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 percent thereof. The additional amount shall be paid at the same time as, but in addition to, such compensation.**

**The date compensation is due is the date the District Director files the decision or order in his/her office.**

**The Self-Insured Employer/Insurance Carrier is required to submit Form LS-208 reflecting payment in accordance with the attached Compensation Order within sixteen (16) days of the payment.  Failure to do so shall result in a $301.00 penalty, per Section 14(g) of the Longshore and Harbor Workers Compensation Act.**

You can electronically submit documents into the OWCP case through the Secure Electronic Access Portal (SEAPortal).  You can access SEAPortal at: https://seaportal.dol-esa.gov.  When you access the website, you will be asked to provide the OWCP number along with the injured worker's last name, date of birth and date of injury.  The SEAPortal will then provide a Tracking Number, so you can verify when OWCP received your document. Documents will be visible in the OWCP file within 4 hours of upload.  Please contact your servicing office for assistance if you are having difficulty uploading a document.  Alternatively, you can mail documents to the address at the top of page 1.  Please DO NOT submit documents by SEAPortal and mail.  Only one copy is necessary.

For additional information please visit our website at http://www.dol.gov/owcp/dlhwc/.

**RIGHT TO FURTHER REVIEW**

The Longshore and Harbor Workers' Compensation Act (LHWCA) and its extensions affords any dissatisfied party the right to request review of an order or award by requesting either RECONSIDERATION or an APPEAL by the Benefits Review Board (BRB). If neither action is taken in a timely manner as described below, the Order or Award will become final.

If an order awards compensation benefits, the filing of an appeal or reconsideration does not relieve that party of the obligation of paying compensation as directed in the order unless an order staying payments has been issued by the BRB.

**Reconsideration**

A request for reconsideration must be filed in writing within ten (10) days of the award, and must contain supporting statements or documentation for proposed changes. The reconsideration request, all additional documentation, and the claim file will be carefully reviewed and a revised award will be issued, if appropriate. Reconsideration is optional, but may be the most expeditious means of resolving disagreements.

All parties will be notified of the decision on reconsideration. A timely reconsideration request stays the running of the appeal time on an award. Any party dissatisfied with the decision on reconsideration may request review by appealing to the BRB.

**Appeal to the BRB**

A request for review by the BRB must be filed with the BRB within 30 days of the Decision and/or Award or within 30 days of a decision on reconsideration. For the information that must be included in any notice of appeal, please see 20 C.F.R. § 802.208.

**Electronic Filing**: The BRB launched a new system, called eFile/eServe (EFS). This new system (whose use remains voluntary at present) will allow parties to e-file new appeals, briefs, motions, and other documents; receive electronic service (e-service) of BRB-issued decisions and orders; and check the status of existing appeals. EFS will be accessible 24 hours every day at https://efile.dol.gov.

You must register before using EFS to e-file pleadings with the BRB.  Pre-registration is available. To register, first create an account at login.gov. If you already have an account, you do not need to create a second one. Next, create a profile with EFS using your login.gov username and password. Once these two steps are completed, you can learn how to file an appeal to the BRB using the written guide at https://efile.dol.gov/system/files/2020-11/file-new-appeal-brb.pdf and the video tutorial at https://efile.dol.gov/support/boards/new-appeal-brb.

If you e-file your appeal, you do not need to also file paper copies. The BRB will electronically serve (e-serve) a copy of the notice of appeal on the district director who filed the decision or order being appealed and the Associate Solicitor for Black Lung and Longshore Legal Services. You are responsible for serving the notice of appeal and other documents on the other parties to the case. Proof of service of the notice of appeal on the other parties must be included with the notice of appeal. *See* 20 C.F.R. § 802.204.

If you are a respondent to the appeal, you may request access to the BRB docket and pleadings by registering as an EFS user, in the manner described above. Written directions and a video tutorial on how to request access to an appeal are located at https://efile.dol.gov/support/boards/request-access-an-appeal.

Information regarding registering for EFS, as well as user guides, video tutorials, and FAQs can be found at https://efile.dol.gov/support. In addition, webinars on the new system will be announced on the BRB's site at www.dol.gov/agencies/brb and the EFS site at https://efile.dol.gov. If you experience difficulty establishing your account, you can find contact information for login.gov and EFS at https://efile.dol.gov/contact.

**Filing by Mail**:  You may also file your appeal using regular mail by sending it to this address:

> U.S. Department of Labor
> Benefits Review Board
> ATTN: Office of the Clerk of the Appellate Boards (OCAB)
> 200 Constitution Ave. NW
> Washington, DC 20210–0001

If filing your appeal by regular mail, you must serve a copy of the notice of appeal on the district director who filed the decision or order being appealed and on all other parties. Proof of service of the notice of appeal on the district director and other parties must be included with the notice of appeal. *See* 20 C.F.R. § 802.204. You must also send a copy of the appeal to:

> Associate Solicitor
> Black Lung and Longshore Legal Services
> U.S. Department of Labor
> 200 Constitution Ave NW
> Room N-2119
> Washington, DC 20210

A notice of appeal is considered filed the date it is received by the Office of the Clerk of the BRB, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used as the filing date. See 20 C.F.R. § 802.207.