George F. Hand, Esq.
Nevada State Bar No. 8483
**HAND & SULLIVAN, LLC**
3442 North Buffalo Drive
Las Vegas, Nevada 89129
Telephone: (702) 656-5814
Facsimile: (702) 656-9820
ghand@handsullivan.com

Attorney for Plaintiff
CATHERINE A. BERRY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE A. BERRY,<br><br>Plaintiff,<br><br>vs.<br><br>AIR FORCE CENTRAL WELFARE FUND;<br>AIR FORCE INSURANCE FUND,<br><br>Defendants. | CASE NO.: 2:21-cv-01977<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff CATHERINE A. BERRY, by and through her counsel of record, George F. Hand, Esq. of the law firm Hand & Sullivan, LLC, hereby files her her Opposition to Defendants' Motion to Dismiss. This Opposition os based upon the pleadings and papers on file with this Court, the attached memorandum of points and authorities, and any oral argument that this Court may entertain.

Dated: this 31st day of January, 2022      HAND & SULLIVAN, LLC

By: _____
GEORGE F. HAND, ESQ.
SBN 8483
3442 N. Buffalo Drive
Las Vegas, Nevada 89129
Attorneys for Plaintiff
CATHERINE A. BERRY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background

Defendants AIR FORCE CENTRAL WELFARE FUND and AIR FORCE INSURANCE FUND move to Dismiss Plaintiff's Complaint for mootness based upon their claim that they are current on all payments to Plaintiff, including penalties and interest, and that Plaintiff therefore lacks subject matter jurisdiction and fails to state a claim for relief. Plaintiff, however, brings the current Opposition, because Defendants have failed to pay reasonable attorneys' fees for these proceedings, as sought in ¶ 13 and part (b) of the Prayer for Relief in the Complaint. A Motion for the award of such fees is submitted contemporaneously with this Opposition.

Plaintiff Catherine A. Berry was the recipient of an award of periodic disability compensation in a "Compensation Order" filed on September 24, 2015, in the Office of the District Director for District 15, Division of Longshore and Harbor Workers' Compensation, Office of Workers' Compensation Programs, United States Department of Labor (the statutory "deputy commissioner," *see* 20 C.F.R. §§ 701.301(a)(7), 702.105), pursuant to § 19(e) of the Longshore Act, 33 U.S.C. § 919(e), and implementing regulations. On February 26, 2021, a Supplementary Order was served on Defendants declaring Defendants in default in paying what fell due pursuant to the earlier Compensation Order. On July 19, 2021, a second Supplementary Order was served on Defendants, which updated the amount declared in default based on Defendants' continuing non-payment and the continuing accrual of defaulted installments due since the February 26, 2021 order.

On October 27, 2021, Plaintiff filed a Complaint to enforce the second Supplementary Order. On or about November 13, 2021, Defendants paid Plaintiff $97,962.06 of the compensation due, and on or about December 16, 2021, they paid the additional amount of $17,162.83, satisfying their liability for the unpaid compensation whose enforcement was sought by the Complaint, in accordance with the second Supplementary Order; however, according to applicable law, Defendants still owe the reasonable attorneys' fees also sought

by the Complaint and particularized in the Motion for an award of such fees filed with this Response.

## II. Legal Argument

Pursuant to Longshore Act § 28, 33 U.S.C. § 928, Plaintiff's attorneys are entitled to a reasonable attorney's fee for their services in the successful prosecution of the enforcement proceedings, to be paid by Defendants in addition to the amount of the judgment on the Supplementary Order. *E.g.*, *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950 (9th Cir. 2007).

Longshore Act § 28, 33 U.S.C. § 928(a) states:

(a) Attorney's fee; successful prosecution of claim
If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, before the Board or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

Here, Defendants declined to pay Plaintiff within thirty days of receiving written notice of the claim for compensation, requiring Plaintiff to engage the services of an attorney to secure the compensation she was due and owing. Therefore, in accordance with Longshore Act § 28, 33 U.S.C. § 928(a), Plaintiff is entitled to an award of a reasonable attorney's fee.

Defendants have failed to pay these attorney's fees as required by law. Plaintiff's Complaint includes a claim for the attorney's fees to which Plaintiff's attorneys are entitled. (Plaintiff's Complaint at 3:19-23, on file herein). Accordingly, Plaintiff's Complaint is not moot—this Court has subject matter jurisdiction over this matter and Plaintiff has stated a claim for relief. Consequently, dismissal of this action is inappropriate at this time. Plaintiff has filed its Motion for Attorneys Fess concurrently with this Opposition.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss.

Respectfully submitted this 31st day of January 2022.

| | |
|---|---|
| Of Counsel: | HAND & SULLIVAN, LLC |
| | By: *[signature]* |
| JOSHUA T. GILLELAN II | George F. Hand, Esq. |
| MD Bar 7312010111 | Nevada State Bar No. 8483 |
| Longshore Claimants' National | 3442 North Buffalo Drive |
| Law Center | Las Vegas, Nevada 89129 |
| Georgetown Place, Suite 500 | Attorneys for Plaintiff |
| 1101 30th Street, N.W. | CATHERINE A. BERRY |
| Washington, DC 20007 | ghand@handsullivan.com |
| (202) 625-8331 | |
| JGillelan@comcast.net | |

ERIC A. DUPREE
CA Bar. No. 88260
1715 Strand Way, Suite 203
Coronado CA 92118
(619) 522-8700
EDupree@dupreelaw.com

4

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** via CM/ECF filing system to the following:

Gregory D. Cox, Esq.
Email: gregory.cox.2@us.af.mil
AFIMSC/JAW
2261 Hughes Avenue, Ste. 156
Lackland AFB, TX 78236,
Attorney of record for Defendants in the administrative proceedings on Plaintiff's claim, and on

Christopher Chiou
Acting United States Attorney
District of Nevada
Email: Christopher.chiou@usdoj.gov
Holly A. Vance
Assistant Unites States Attorney
United States Attorney's Office
Email: Holly.A.Vance@usdoj.gov
400 S. Virginia Street, Suite 900
Reno, NV 89501
Attorneys for Defendants

Dated: January 31, 2022

_____
An employee of Hand & Sullivan, LLC