# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Catherine A. Berry,<br><br>Plaintiff,<br><br>v.<br><br>Air Force Central Welfare Fund, et al.,<br><br>Defendants. | Case No. 2:21-cv-01977-JCM-BNW<br><br>**REPORT AND RECOMMENDATION** |

Before the Court are two related motions. First, Defendants moved to dismiss the complaint. ECF No. 6. Plaintiff responded (ECF No. 7), and Defendants replied (ECF No. 10). Second, Plaintiff moved for attorneys' fees. ECF No. 8. Defendants responded (ECF No. 13), and Plaintiff replied (ECF No. 14). Because the Court finds that this action is moot, it recommends that Defendants' motion to dismiss be granted and Plaintiff's motion for attorneys' fees be denied.

**I.      Background**

Plaintiff previously received an award of disability benefits under the Longshore and Harbor Workers' Compensation Act (the Act). ECF No. 1 at 2, 17. This award was issued in 2015 by Administrative Law Judge Jennifer Gee. *Id.* at 17. Defendants paid Plaintiff her disability benefits until March 2019, when they ceased payment without any modification of Judge Gee's order. *See id.* at 18. Accordingly, on February 26, 2021, the District Director issued an order declaring Defendants to be in default. *Id.* at 17. The District Director issued another order on July 19, 2021 declaring Defendants to be in default and updating the amount due. *See id.* at 18-19. When Plaintiff filed her complaint in this Court, Defendants had not paid the amount declared in default (over $88,000). *See id.* at 3, 4. Accordingly, Plaintiff sought a judgment for the amount due and owing and attorneys' fees for bringing this enforcement action. *Id.* at 4.

After Plaintiff filed her complaint, Defendants paid the full amount of compensation sought. ECF No. 6 at 2. Plaintiff does not dispute this. ECF No. 7 at 2. As such, Defendants move to dismiss, arguing that this case is moot and that the Court lacks subject matter jurisdiction. ECF No. 6 at 2. Plaintiff disagrees, arguing that because she is entitled to attorneys' fees under the Act, the case is not moot. ECF No. 7 at 3.

Defendants respond that, under the plain language of the Act, Plaintiffs are not entitled to attorneys' fees without first obtaining a judgment on the merits from the Court.[1] ECF No. 10 at 2-3. The Act provides, in part, "there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier . . . ." 33 U.S.C.A. § 928(a) (West). Defendants argue that the language "in addition to the award of compensation, in a compensation order" makes clear that the Court must issue an award on the merits before considering whether to award attorneys' fees. ECF No. 10 at 3. They further claim that because Defendants paid the amount sought by the complaint, the Court has not and will not enter an "award of compensation, in a compensation order." *See id.* at 3. Therefore, Defendants argue, Plaintiff is not entitled to an award of attorneys' fees by this Court under the Act. *Id.* And since there is no relief this Court can grant Plaintiff, the case is moot. *See* ECF No. 10.

Defendants also argue that Plaintiff must be a prevailing party to recover attorneys' fees under the Act. ECF No. 13 at 7-8. Defendants argue that to be a prevailing party, Plaintiff must be awarded some relief that alters the legal relationship between the parties; simply achieving the desired result (being paid) is insufficient. *Id.* at 7. Since this Court has not and will not award any relief that alters the legal relationship between the parties, Defendants claim Plaintiff cannot be a prevailing party and thus is not entitled to attorneys' fees. *See id.* at 7-8.

Plaintiff disagrees with Defendants' arguments. *See* ECF No. 14 at 4-7. First, Plaintiff argues Defendants are incorrect in their assertion that the Act's language about compensation

---

[1] Plaintiff acknowledges that she cannot seek fees in *court* for work done before a different tribunal (e.g., the ALJ). *See* ECF No. 14 at 3; *see also* 33 U.S.C.A. § 928(c) (West) ("If any proceedings are had before the Board or any court for review of any action, award, order, or decision, the Board or court may approve an attorney's fee *for the work done before it* by the attorney for the claimant.") (emphasis added); *Ford Aerospace & Commc'ns Corp. v. Boling*, 684 F.2d 640, 642–43 (9th Cir. 1982) (acknowledging that a court does not have authority under the Act to grant attorneys' fees for work done before the ALJ).

orders means that the Court must issue an "award of compensation" before awarding attorneys' fees. *Id.* at 4-5. Plaintiff argues that this is an incorrect reading of the Act's language because courts do not enter "compensation orders" (only ALJs and district directors do). ECF No. 14 at 4. Nevertheless, they argue that courts *are* permitted under the Act to award attorneys' fees. *See id.* at 4. Accordingly, Plaintiff argues that because courts do not issue compensation orders, there is no such prerequisite before they award attorneys' fees. *See id.* at 5.

Second, Plaintiff disagrees that she must be a "prevailing party" in court to recover attorneys' fees. *See id.* at 6-7. Plaintiff argues that the Act provides for attorneys' fees to be paid directly to attorneys when their services are used in the "successful prosecution" of a claim. *Id.* at 6. Because Plaintiff's attorneys succeeded by obtaining the relief sought, they claim their services were used in a successful prosecution.[2]

Plaintiff also advances what has been called the "catalyst theory" to explain how her attorneys have "successfully prosecuted" this case. *See id.* at 7. Plaintiff argues that because her attorneys filed this case in court, Defendants were forced to finally pay Plaintiff the amount due and owing. *Id.* Plaintiff acknowledges that there is a United States Supreme Court case that explicitly rejected the idea that this "catalyst theory" could be used to deem a litigant the "prevailing party." *See id.* As explained above, Plaintiff does not believe that she must be a "prevailing party" to receive attorneys' fees. Instead, her attorneys must successfully prosecute her claim. Plaintiff argues that obtaining the desired result (without a change in the legal relationship between the parties) *is* enough to "successfully prosecute" a case under the Act. And in any event, Plaintiff asserts that the United States Supreme Court's "rejection of the 'catalyst theory' of 'prevailing party' status under most federal fee-shifting provisions is simply inapplicable to the Longshore Act's provision." *Id.*

II.     **Legal Standard**

The Longshore and Harbor Workers' Compensation Act provides that attorneys' fees may be sought in certain situations. As is applicable here, it provides:

---

[2] Plaintiff also attempts to distinguish the "prevailing party" fee shifting provisions from the Act's "successful prosecution" fee shifting provision by noting the Act's provision is mandatory, while others are discretionary. *See id.* at 6, n.3. Plaintiff does not further explain why this distinction matters.

> If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter and *the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier* in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

33 U.S.C.A. § 928(a) (West) (emphasis added).

The Ninth Circuit has interpreted what "successful prosecution" means under the Act by looking at "similar fee-shifting statutes that require a party to 'prevail,' such as 42 U.S.C. § 1988(b)." *Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1106 (9th Cir. 2003). The Court explained that to be a "prevailing party," one must "obtain some actual relief that 'materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.*

The United States Supreme Court has also held that to be a "prevailing party," one must obtain a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001). The Supreme Court also explicitly rejected the "'catalyst theory,' which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601, 610 ("we hold that the 'catalyst theory' is not a permissible basis for the award of attorney's fees"). In so holding, the Court explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.* at 605.


### III. Analysis

Here, Plaintiff has not used her attorneys "in the successful prosecution" of her claim in *this Court*.[3] *See* 33 U.S.C.A. § 928(a). In federal court, Plaintiff has not obtained a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604; *see also Richardson*, 336 F.3d at 1106 (one must "obtain some actual relief that materially alters the legal relationship between the parties") (cleaned up). Instead, after filing this federal case, Defendants voluntarily paid the amount Plaintiff sought. Plaintiff filing this case may have been the catalyst for Defendants' sudden payment. However, as discussed above, the United States Supreme Court held that the "'catalyst theory' is not a permissible basis for the award of attorney's fees." *Buckhannon*, 532 U.S. at 610. Accordingly, the Court cannot award Plaintiff attorneys' fees under the Act.

Because the Court cannot award Plaintiff attorneys' fees, there is no "present controversy as to which effective relief can be granted" between the parties, and this case is moot. *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

### IV. Conclusion

**IT IS THEREFORE RECOMMENDED** that Defendants' motion to dismiss (ECF No. 6) be GRANTED.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for attorneys' fees (ECF No. 8) be DENIED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

---

[3] Plaintiff may have used her attorneys in the "successful prosecution" of her claim before the ALJ and/or District Director. However, as previously noted, the Court lacks authority to award fees for actions taken before another adjudicative body. 33 U.S.C.A. § 928(c) (West) ("If any proceedings are had before the Board or any court for review of any action, award, order, or decision, the Board or court may approve an attorney's fee *for the work done before it* by the attorney for the claimant.") (emphasis added); *Ford Aerospace & Commc'ns Corp. v. Boling*, 684 F.2d 640, 642–43 (9th Cir. 1982) (acknowledging that a court does not have authority under the Act to grant attorneys' fees for work done before the ALJ).

served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 10, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE