UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE A. BERRY, | Case No. 2:21-CV-1977 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| AIR FORCE CENTRAL WELFARE FUND, et al., | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Brenda Weksler's report and recommendation ("R&R") to grant defendants Air Force Central Welfare Fund and Air Force Insurance Fund ("defendants")'s motion to dismiss (ECF No. 6) and to deny plaintiff Catherine A. Berry ("plaintiff")'s motion for award of attorney fees (ECF No. 8). (ECF No. 15). Plaintiff filed an objection to the R&R (ECF No. 18), to which the defendants responded (ECF No. 23).

**I.   BACKGROUND**

Plaintiff was awarded disability benefits under the Longshore and Harbor Workers' Compensation Act (the "Act") by an administrative law judge ("ALJ"). (ECF No. 1). Defendants paid the benefits until March 2019, when payments ceased for no apparent reason. (*Id.*). A district director for the U.S. Department of Labor declared defendants to be in default and ordered defendants pay plaintiff the default amount of nearly ninety thousand dollars (the "disability award"). (*Id.*).

When plaintiff did not receive the disability award, she filed suit in this court seeking payment thereof and attorneys' fees. (*Id.*). The parties do not dispute that defendants subsequently paid the disability award in full. (ECF Nos. 6, 7). Defendants thus move to

**James C. Mahan**
**U.S. District Judge**

dismiss on the grounds that the case is now moot, and plaintiff moves for attorneys' fees under the Act. (ECF No. 6). Plaintiff submits that because she is owed attorneys' fees, the case is not moot. (ECF No. 7).

In support of her motion for attorneys' fees, plaintiff cites § 28 of the Act, which states, in pertinent part,

> If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been files from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter and *the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier*…

33 U.S.C. § 928(a) (emphasis added); (ECF No. 8).

Defendants posit that because the Act requires "a compensation order" for an award of fees and no order on the merits came from this court, plaintiff is not owed fees under the Act. (ECF No. 10). In response to plaintiff's motion for attorneys' fees, defendants also submit that plaintiff must be a prevailing party to recover attorney's fees. (ECF No. 13). Defendants argue that because the underlying legal dispute was resolved with the payment of the disability award, there can not and will not be a compensation order requisite for attorneys' fees under the Act, plaintiff cannot be a prevailing party, and thus the case is moot. (ECF Nos. 10, 13).

Plaintiff contends that only ALJs and district directors enter "compensation orders," so an order from this court is not a prerequisite to an award of attorneys' fees under the Act. (ECF No. 14). Moreover, plaintiff argues that she need not be a "prevailing party," but only that her claim need be "successfully prosecuted" by attorneys. (*Id.*). In support of her contentions, plaintiff advances the "catalyst theory," which in essence states that because attorneys filing this case in court resulted in defendants paying her the disability award, her claim was

**James C. Mahan**
**U.S. District Judge**

- 2 -

successfully prosecuted by attorneys as it served as a catalyst for obtaining plaintiff's desired outcome.  (*Id.*).

Magistrate Judge Weksler recommends that defendants' motion to dismiss be granted and plaintiff's motion for attorneys' fees be denied.  (ECF No. 15).

## II.     LEGAL STANDARD

This district's magistrate judges are authorized to resolve pretrial matters subject to the assigned district judge's review.  28 U.S.C. § 636(b)(1)(A); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3 . . . .").  The reviewing district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

The district court applies a "clearly erroneous" standard to the magistrate judge's factual findings, whereas the "contrary to law" standard applies to the legal conclusions.  *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  However, if a party files written objections to the report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* LR IB 3-2(b).

## III.    DISCUSSION

### A.  Factual Findings

There are no disputed facts before the court; the parties dispute only how the Act and various caselaw is to be applied to the facts.  The court finds no factual findings made by Magistrate Judge Weksler to be "clearly erroneous" and adopts them in full.

### B.  Legal Conclusions

Plaintiff objects to Magistrate Judge Weksler's R&R, alleging error in (1) application of the "catalyst theory" and (2) failure to consider the purpose of the fee-shifting provision in the Act.  (ECF No. 18).  The court reviews *de novo*.  *See* 28 U.S.C. § 636(b)(1); LR IB 3-2(b).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### i. The Catalyst Theory

Magistrate Judge Weksler held that the catalyst theory is not a permissible basis for attorneys' fees even if the filing of the federal case instigated defendants' payment. (ECF No. 15 (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001))). The R&R also notes that "[p]laintiff may have used her attorneys in the 'successful prosecution' of her claim before the ALJ and/or District Director…[but] the Court lacks authority to award fees for actions taken before another adjudicative body." (*Id.* at n.3 (citing 33 U.S.C. § 928(c))).

In her objection, plaintiff contends that successful prosecution of the claim need not occur before the tribunal in which fees are sought. (ECF No. 18). She argues that this "federal case" is not distinct from the proceedings before the ALJ, but merely a continuation that is only necessary because of defendants' "scofflaw behavior." (*Id.*). Moreover, plaintiff points out she seeks attorneys' fees only for proceedings before this court, not proceedings before the ALJ or district director. (*Id.*).

Plaintiff is seeking to circumvent the shortcomings of the catalyst theory as applied to her case. The court is not persuaded. No proceeding in this court gave a party any legal right or obligation it did not already have, which is required for fee shifting. *See Richardson v. Cont'l Grain Co.*, 336 F.3d 1103, 1106 (9th Cir. 2003). Proceedings before an ALJ or district director are distinct from proceedings is a federal court. It matters not if the filing of the complaint induced defendants to pay plaintiff what she was awarded by the ALJ; the "successful prosecution" of plaintiff's claim occurred in another tribunal.

Having reviewed the record *de novo*, the court agrees with Magistrate Judge Weksler's R&R concerning the catalyst theory.

### ii. The purpose of the fee-shifting provision

The Ninth Circuit has discussed the purpose of the Act's fee-shifting provision:

> The purpose of the statute is to authorize the assessment of legal fees against employers *in cases where the existence or extent of liability is controverted and the employee-claimant succeeds in establishing*

*liability or obtaining increased compensation* in formal proceedings in which he or she is represented by counsel.

*Nat'l Steel & Shipbuilding Co. v. U.S. Dept. of Labor*, 606 F.2d 875, 882 (9th Cir. 1979) (emphasis added). Plaintiff cites this excerpt in her objection and asserts that it was not considered in the R&R. (ECF No. 18).

As discussed above, this is not a case "where the existence or extent of liability is controverted" or a case where "the employee-claimant succeeds in establishing liability or obtaining increased compensation." *Nat'l Steel & Shipbuilding Co.*, 606 F.2d at 882; *see* Section III.B.i., *supra*. Defendants have not and do not dispute the liability for the disability award alleged in the complaint.[1]

Further, plaintiff established defendants' liability and the extent thereof in prior proceedings, not the proceedings in front of this court. The court reiterates that no proceeding in front of this court has affected the legal rights or obligations of any party. Thus, the purpose of the fee-shifting provision has not been offended and consideration thereof is not necessary.

Having reviewed the record *de novo*, the court agrees with Magistrate Judge Weksler's R&R concerning the purpose of the fee-shifting provision of the Act.

Accordingly, having reviewed the R&R for clearly erroneous findings of fact and legal conclusions contrary to law, as well as having reviewed the objected to portions of the report *de novo*, this court finds no errors and thus adopts in full Magistrate Judge Weksler's R&R.

## IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Weksler's R&R (ECF No. 15) be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

---

[1] This is evidenced by defendants' payment of the award and plaintiff's lack of assertion otherwise. (ECF Nos. 6, 7).

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   IS FURTHER ORDERED that plaintiff's motion for an award of attorney fees (ECF
2   No. 8) be, and the same hereby is, DENIED.
3   The clerk shall enter judgment for the defendants and close the case.
4   DATED March 27, 2023.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**